IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDDIE E. ABRAM,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LARRY SOHLER, 2 East Unit Manager,<br>Individual Capacity; LEON CHATHAM,<br>Security Specialist 2, Individual<br>Capacity; MICHELLE SULLIVAN,<br>Security Specialist 2, Individual<br>Capacity; STEPHANIE BEASLEY,<br>Security Specialist 2, Individual<br>Capacity; HUNTER LEWIS, Response<br>Team, Individual Capacity; and<br>KOLTON NEUHAUS, Response Team,<br>Individual Capacity,<br><br>                    Defendants. | **8:22CV152**<br><br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a patient at the Norfolk Regional Center ("NRC"), has been granted leave to proceed in forma pauperis. (See Filing 6.) The court now conducts an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff alleges that Defendants, who are staff members at NRC, forcibly administered two injections into his arms. Plaintiff claims such injections were administered after he attempted to gather information regarding how to resolve a misunderstanding and remove a treatment infraction from his chart and mental health records. Similar allegations were made in Case No. 8:20-CV-469-BCB-MDN, which was dismissed without prejudice based on a determination by the Honorable Brian B. Buescher that Defendants presumptively were sued in their

official capacities and therefore entitled to sovereign immunity.[1] The Complaint filed in the present case expressly states that each Defendant is sued in his or her individual capacity. (See Filing 1 at 7.)

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Because the court has previously analyzed Plaintiff's claim in Case No. 8:20-CV-469-BCB-MDN (see Filings 9 and 34 therein), no further discussion is required. Plaintiff has alleged a plausible 42 U.S.C. § 1983 conditions-of-confinement claim.

---

[1] The undersigned conducted an initial review of Plaintiff's Complaint and Amended Complaint in 8:20-CV-469-BCB-MDN and authorized service against Defendants in their individual capacities only.

## IV. CONCLUSION

The court concludes that Plaintiff's Complaint is not subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). Plaintiff should understand that the court has made no determination on the merits of his claim, however, and that Defendants are not precluded from asserting any defenses they may have.

IT IS THEREFORE ORDERED:

1. This case shall proceed to service of process against all named Defendants in their individual capacities.

2. For service of process on Larry Sohler, Leon Chatham, Michelle Sullivan, Stephanie Beasley, Hunter Lewis, and Kolton Neuhaus, in their individual capacities, the Clerk of Court is directed to complete two sets of summons and USM-285 forms for each Defendant. The service address for the first set of forms is:

   Norfolk Regional Center
   1700 N. Victory Rd.
   Norfolk, NE 68701

   The service address for the second set of forms is:

   Office of the Nebraska Attorney General
   2115 State Capitol
   Lincoln, NE 68509

3. The Clerk of the Court shall forward the summons forms and USM-285 forms together with two copies each of Plaintiff's Complaint (Filing 1) and this Memorandum and Order to the Marshals Service.[2]

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service

4. The Marshals Service shall serve each Defendant in his or her individual capacity by certified mail or other authorized method of service at the Norfolk Regional Center address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

5. The Marshals Service shall also serve each Defendant in his or her individual capacity by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02. *See* Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

6. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

7. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

8. The Clerk of Court is directed to set the following deadline: July 27, 2022—completion of service of process due.

9. Pursuant to General Order No. 2020-01 ¶ 6, because this non-prisoner case is proceeding to service of process, this case is removed from the pro se docket.

---

be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915).

10. The Clerk of Court shall assign new judges to this case and request a reassignment order from the Chief Judge. In doing so, the Clerk of the Court shall advise the Chief Judge that this case is "related" to Case No. 8:20-CV-469-BCB-MDN. *See* NEGenR 1.4(a)(4)(C)(iii) ("Open or closed civil cases are related when they involve some or all of the same issues of fact, [or] arise out of the same transaction….").

Dated this 28th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5