**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| EDDIE E. ABRAM, Plaintiff, vs. LARRY SOHLER, 2 East Unit Manager, Individual Capacity; LEON CHATHAM, Security Specialist 2, Individual Capacity; MICHELLE SULLIVAN, Security Specialist 2, Individual Capacity; STEPHANIE BEASLEY, Security Specialist 2, Individual Capacity; HUNTER LEWIS, Response Team, Individual Capacity; and KOLTON NEUHAUS, Response Team, Individual Capacity; Defendants. | **8:22CV152** **ORDER** |

Plaintiff, pro se, is a civilly committed patient at Norfolk Regional Center and has filed this action for claimed violations of his constitutional rights arising out of his allegations he was forcibly restrained and injected with an unknown substance. Plaintiff has now filed a motion for appointment of counsel. (Filing No. 35).

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted). Rather, pursuant to 28 U.S.C. § 1915(e), when an indigent prisoner has pleaded a nonfrivolous cause of action, a court "may" appoint counsel. *Id*; *see also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (cleaned up)). In determining whether counsel should be appointed, the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

At this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The issues in Plaintiff's complaint are not particularly complex, legally or factually. Additionally, since 2014, Plaintiff has filed twenty-lawsuits in this court, including the present action, and thus he is

not unfamiliar with this court's procedures.[1] As a civilly committed individual, Plaintiff understandably faces challenges representing himself, but most indigent confined individuals "will face similar challenges." See, e.g., *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 5 (8th Cir. 2021) (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Therefore, having considered the factors above, Plaintiff's request for appointment of counsel will be denied without prejudice. Accordingly,

**IT IS ORDERED**: Plaintiff's Motion for Appointment of (Filing No. 35) is denied, without prejudice.

Dated this 3rd day of January, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

[1] The Court takes judicial notice of its own records regarding a prior civil proceeding filed by plaintiff. See *Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).